IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MALCOLM D. CLARK, II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>W. B. MELTON, et al., )<br>)<br>Defendants. ) | No: 2:09-0003<br>Judge Campbell/Bryant<br>**Jury Demand** |

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Defendants have filed their motion for summary judgment (Docket Entry No. 26), to which plaintiff has failed to file a timely response. On October 6, 2009, the Court directed plaintiff to file his response to defendants' motion on or before October 20, 2009. The Court in its order admonished plaintiff that his failure to respond may cause the undersigned Magistrate Judge to recommend that defendants' motion be granted (Docket Entry No. 31).

Two envelopes containing the above-referenced order, addressed to plaintiff at his address of record, were returned to the Clerk by the Post Office marked "return to sender - refused - unable to forward." (Docket Entry Nos. 33 and 34). Despite this order, plaintiff has filed no response in opposition to defendants' motion, and apparently has failed to keep the Court informed of his current mailing address.

Defendants' motion for summary judgment has been referred to the undersigned Magistrate Judge for report and recommendation

(Docket Entry No. 9).

## Statement of the Case

Plaintiff Malcolm D. Clark, II, who is proceeding pro se and in forma pauperis, has filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights while he was confined as an inmate at the Overton County Justice Center in Livingston, Tennessee. Defendants are the county sheriff and the county jail administrator. Specifically, plaintiff alleges that defendants wrongfully removed him from his position as a jail trusty in retaliation for his refusal to lie to inspectors of the Tennessee Corrections Institute in order to cover up impermissible overcrowding at the facility (Docket Entry No. 7, p. 6).

## Defendants' Motion

Defendants make five arguments in support of their motion for summary judgment:

(1) there exists no constitutional right for an inmate to serve as a jail trusty, and the appointment of trusty status rests within the discretion of jail administrators;

(2) plaintiff fails to allege that jail overcrowding violated his constitutional rights;[1]

(3) defendants are entitled to qualified immunity;

---

[1] In support of their motion for summary judgment defendants have filed the affidavit of Deputy Mike Kruger (Docket Entry No. 29). Deputy Kruger in this affidavit offers a factual explanation refuting plaintiff's claim that he was requested to lie to jail inspectors regarding his trusty status.

(4) plaintiff has failed to demonstrate supervisory liability of defendants; and

(5) plaintiff has failed to allege or demonstrate that an official policy or established custom of Overton County was the cause of a violation of his constitutional rights.

### Standard of Review

Despite the fact that plaintiff has not responded in opposition to defendants' motion,

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

Rule 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." All facts and reasonable inferences to be drawn from those facts must be viewed in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty

3

Lobby, Inc., 477 U.S. 242, 255 (1986); see also Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 573 (6th Cir. 2003) (en banc).

A movant for summary judgment makes a sufficient showing by informing the court of the basis of his motion and by identifying the portions of the record that reveal that there are no genuine issues of material fact to support the nonmovant's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. Id.

The nonmovant, however, may not rely solely on conclusory allegations in the complaint to defeat a motion for summary judgment, but must come forward with affirmative evidence that establishes his claim and raises genuine issues of material fact. Id. at 324. The "mere possibility" of a factual dispute is not enough. Gregg v. Allen-Bradley Co., 801 F.2d 859, 863 (6th Cir. 1986). A genuine issue of material fact is one which, if proven at trial, would lead a reasonable fact finder to find in favor of the nonmoving party. Anderson, 477 U.S. at 247-48. The substantive law in the case will underscore which facts are material, and only disputes over outcome-determinative facts will bar a grant of summary judgment. Id. at 248.

4

## Analysis

Title 42, section 1983, of the United States Code states in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

A claimant under section 1983 must show (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996).

Although plaintiff Clark does not expressly invoke any particular constitutional provision in his complaint, the Eighth Amendment is often relied upon by inmates confined in correctional facilities. The Eighth Amendment prohibits, among other things, "cruel and unusual punishments." Courts have held, for example, that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97 (1976). Similarly, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Street v. Corrections Corp., 102 F.3d at 814 (quoting Farmer v. Brennan, 511 U.S. 825 (1994)). In

5

general, conditions of confinement that are cruel and unusual are included in the Eighth Amendment's prohibition. Although there is no universal test by which a court can determine whether conditions of confinement are cruel and unusual, a court must consider whether the conditions involve an "unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). Nevertheless, conditions of confinement may be "restrictive and even harsh" and yet not violate the Constitution. Rhodes, 452 U.S. at 347.

The "basic necessities of civilized life" required by the Eighth Amendment include "reasonably adequate food, clothing, shelter, sanitation, medical care and personal safety." Grubbs v. Bradley, 552 F.Supp. 1052, 1122 (M.D. Tenn. 1982) (quoting Newman v. Alabama, 559 F.2d 283, 291 (5th Cir. 1977)).

To state a claim under the Eighth Amendment, a prisoner must allege a deprivation that is objectively "sufficiently serious;" that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347).

From a liberal reading of plaintiff's complaint, and construing all reasonable inferences in his favor, the undersigned Magistrate Judge finds that the gravamen of plaintiff's claim is that he was allowed to serve as a jail trusty at the Overton County

6

jail from May until September 2008, and that he was wrongfully deprived of his status as a trusty because he refused to go along with a plan of defendants to deceive jail inspectors concerning overcrowding conditions at the jail. Courts have held, however, that there is no constitutional right to hold the position of trusty, and that the conferral of such a job on an inmate and his removal from trusty status are matters resting within the sound discretion of jail administrators. <u>Inmates, Washington County Jail v. England</u>, 516 F.Supp. 132, 141 (E.D. Tenn. 1980) (citing <u>Rosson v. Weatherholtz</u>, 405 F.Supp. 48 (W.D. Va. 1975) and <u>Gardner v. Johnson</u>, 429 F.Supp. 432 (E.D. Mich. 1977). Moreover, although plaintiff alleges that, at least on the date of the subject jail inspection, the Overton County jail was overcrowded, he does not come close to alleging, much less demonstrating, that jail conditions were "sufficiently serious" to amount to a "denial of the minimal civilized measure of life's necessities." A fair reading of his complaint reveals that Clark is angry about his demotion from trusty status; his passing reference to jail overcrowding is material only as it relates to the reason that he was removed from trusty status.

   For the reasons stated above, the undersigned Magistrate Judge finds that neither plaintiff's claim of denial of trusty status nor his passing mention of jail overcrowding states a claim

7

amounting to a violation of the Eighth Amendment, and, therefore, there is no genuine issue of material fact for trial.

Defendants also argue that they are entitled to qualified immunity from the claims in this action. Since the undersigned Magistrate Judge has found that the allegations of the complaint do not state a claim under the Eighth Amendment, it is not necessary to decide the question of qualified immunity. See <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991) (qualified immunity should be considered only after plaintiff has alleged the violation of a constitutionally protected right).

For the reasons stated above, the undersigned Magistrate Judge finds that there exists no genuine issue of material fact, that defendants are entitled to judgment as a matter of law, and, therefore, that defendants' motion for summary judgment should be granted.

### RECOMMENDATION

For the reasons stated in this report, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and the complaint **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any

8

objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **ENTERED** this 16th day of December 2009.

    s/ John S. Bryant
    JOHN S. BRYANT
    United States Magistrate Judge